PER CURIAM.
In 1940 William G. Blanchard secured an oil or mineral lease from the Trustees of the Internal Improvement Fund on 7,000 acres of off-shore lands in Dade and Monroe Counties. Litigation following this lease resulted in placing title to it in a corporation known as Florida Exploration Company. February 1, 1950, the corporation adopted by-laws providing its -management and control be vested .exclusively in a board of directors; that by reason of the settlement agreement and conveyance of the lease to the corporation, a trust was imposed on the directors to handle and conduct the affairs of the corporation for the benefit of the stockholders which could not be changed without the unanimous consent of their beneficiaries.
In the meantime, Commonwealth Oil Company was formed and commenced exploration for oil on the lands so leased. In June, 1953, 'Commonwealth Oil Company made a proposition to purchase the stock of Florida Exploration Company which was *804 agreed to. June 19, 1953, a directors’ meeting was called for the purpose of merging the two corporations. After several attempts the merger was approved by the stockholders October 12, 1953.
• Aj this point Blanchard filed complaint in the • appropriate court against Commonwealth Oil Company and other individual defendants. Among other things the complaint alleged that' prior to the .formation of Florida Exploration Company it was agreed that the directorship of said corporation would be divided between the Blanchard and McCord interests,. each to name three directors and that said board of directors would serve for a period of ten years. In the event, of the death or resignation of any member of the Blanchard or McCord. interests, the surviving members of that group would have the privilege of electing the successor director. The complaint alleges that the agreement was to be spread upon the minutes of the corporation, and that the by-laws were adopted in accordance with the contract. It then alleges that on or about June 27, 1953, a merger agreement was entered into between Florida Exploration Company and Commonwealth Oil Company. It charged that the merger agreement was in contravention of the settlement agreements and that it was contrary to law and was void. It prated for dissolution of Florida Exploration Company and restoration to Blanchard' of his interest -in the leased lands.
Following the prayer numerous pleadings were interposed, a temporary restraining order was denied and Mrs. Mary B. Ermen-trout filed suit in Federal Court.- Commonwealth Oil Company filed its answer and counterclaim. The answer denied the material allegations of the complaint and the counterclaim defined the interest of Commonwealth Oil Company, the basis on which the merger was perfected and that the merger proceedings were consummated by approval of the stockholders. Appellant answered the counterclaim. A pre-trial conference was held and leave was granted to file an amended complaint which was not different from the original complaint except that individual defendants were added as parties and it was alleged that the original board of directors of Florida Exploration Company were trustees. The prayer was for injunction to restrain the merger or in the alternative that the corporation be dissolved and the assets be reconveyed to the shareholders. This court granted certiorari. Blanchard v. Commonwealth Oil Co., Fla. 1954, 72 So.2d 664.
A motion to dismiss the complaint was denied. A second petition for certiorari was denied. Blanchard v. Commonwealth Oil Co., decided July 27, 1954. The Ermen-trout suit in Federal Court was dismissed and the merger proceedings were perfected in the office of the Secretary of State. Both parties moved for summary judgment. Appellee’s motion was supported by an affidavit averring that the by-laws were never agreed on or adopted. The motion of appellant was supported by an affidavit which was alleged to be composed primarily of legal conclusions. On final hearing ap-pellees’ motion for summary judgment was granted and the' 'cause was dismissed. This appeal is from the summary final decree.
Despite the disagreement of counsel as to point ‘ for determination, in our view the vital question presented is whether or not in view of Sec. 612.36, Florida Statutes 1951, F.S.A., and Sec. 608.20, Florida Statutes 1953, F.S.A., the merger of Florida Exploration Company and Commonwealth Oil Company was lawfully perfected.
Appellant and two others incorporated Florida Exploration Company, the three in-corporators taking stock on pro-rata basis. By a corporators’ agreement Blanchard designated three members of the six-man board of directors. The other two stockholders named three directors ánd the six directors were to continue in office for ten years. In June, 1953, Commonwealth Oil Company made a proposition to acquire the stock of Florida Exploration Company by exchange. At that time such mergers' *805 were accomplished under Sec. 612.36, Florida Statutes 1951, F.S.A., which specified in detail the manner of their accomplishment and disposition of the assets of the parent corporation. The board of directors or majority of them may initiate the merger, the details of which shall be defined by agreement signed and sealed by the directors. The . agreement specifies conditions of the merger, the manner of its conduct and other matters as provided by Sec. 612.-03, Florida Statutes 1951 (now F.S.A. § 608.03).
The 1953 act, now Sec. 608.20, Florida Statutes 1955, F.S.A., provides that mergers may be initiated by the board of directors or by holders of a majority of the voting stock. This shall be done at a meeting duly called and held for that purpose. An agreement shall be entered into signed by .a majority of the members of the several boards of directors, or as the case may be, by the person or persons designated by such majority of the voting stock at said meeting, under the corporation seals of the respective corporations prescribing- the terms and conditions of consolidation, the manner of carrying same into effect and stating such other facts as are necessary to be set out in articles of incorporation. This agreement shall be submitted to and approved by a majority of the stockholders of each corporation and when so approved and signed by the president or vice-president and secretary and filed in the office of the secretary of state approved by him and all fees paid, the merger shall then be legal.
The merger in question appears to have been undertaken under Sec. 612.36, Florida Statutes 1951, F.S.A., but- was' not concluded until Sec. 608.20, Florida Statutes 1955, F.S.A., became effective. The initiation of the merger under the two acts is slightly different but under either, it must be approved by the stockholders. It is true that Sec. 608.01, Florida Statutes 1955, F.S.A., being a portion of the 1953 statute authorizing mergers, m.ay not affect those things accomplished by the present merger under Sec. 612.36, Florida Statutes 1951, F.S.A., but since it appears that some of the acts leading to the merger were' consummated under the latter act, they were in contravention of. the concluding paragraphs of the agreement as amended, as well as Section 3, Article IV of the ByLaws:
The judgment below is therefore
Reversed.
TERRELL, Acting C. J., HOBSON and THORNAL, JJ., and MORROW, Associate Justice, concur.