135 So.2d 438 (1961)
George M. SMITH and Vivian Smith, his wife, Appellants,
v.
Sam CHOPMAN and Monnie Chopman, his wife, and R.T. Hodges, d/b/a Hodges & Sons, Appellees.
No. 2622.
District Court of Appeal of Florida. Second District.
December 13, 1961.
*439 R.T. Shankweiler and J. Easthope, Fort Lauderdale, for appellants.
George L. Pallotto, Hollywood, for appellees Sam Chopman and Monnie Chopman.
Thomas F. Tompkins, Jr., of Kelly Tompkins & Griffin, Fort Lauderdale, for appellee R.T. Hodges, d/b/a Hodges and Sons.
WHITE, Judge.
This is an appeal by George M. Smith and wife who were plaintiffs below in a suit seeking rescission of a real estate contract, repayment of the purchase money and forfeiture of all brokerage commissions and profits on the ground of an alleged wrongful dual representation of the parties by the co-defendant R.T. Hodges as broker. Co-defendants Sam Chopman and wife were the other parties to the contract in question. The defendants' motion to dismiss the complaint was granted on the ground that the contract had been partly performed and that it was judicially impossible by rescission thereof to restore the parties to their original positions with their original rights.
It appears that the plaintiffs Smith purchased certain property referred to as Parcel B through negotiations conducted by the defendant Hodges as broker. The complaint alleged that Hodges promised to "amass a fortune" for the plaintiffs through the device of trading in realty and that, relying upon such inducement, the plaintiffs agreed to transfer to the defendants Sam and Monnie Chopman Parcel B with additional considerations in exchange for certain ocean front property known as Parcel A. Under the contract, as ultimately arranged and implemented, the plaintiffs transferred Parcel B and other considerations to the Chopmans in exchange for a ninety-nine year leasehold on Parcel A at a specified rental. The plaintiffs agreed to pay Hodges a broker's commission of $1,500.00 for negotiating the transaction.
The complaint alleged that Hodges agreed to advance the down payment of $5,000.00 to the Chopmans with respect to Parcel A in exchange for three notes of the plaintiffs Smith aggregating $6,500.00 to cover the said $5,000.00 down payment and the agreed $1,500.00 commission; that the defendants Chopman did not receive the $5,000.00 as reflected on the closing statement, Hodges himself having discounted the notes to the Solar Acceptance Corporation. Plaintiffs contend that the Chopmans thus paid Hodges a commission and that this amounted to a dual agency without the plaintiffs' knowledge and without the mutual consent of the contracting parties.
*440 In opposition to plaintiffs Smith's motion for summary judgment the defendants Chopman asserted that they had assigned their interest with respect to Parcel A to a Dr. Charles H. Audet and also that they were not presently the owners of Parcel B. They further stated that they did not authorize Hodges to make any false promises or representations nor did they consent to Hodges acting as agent for the plaintiffs. At the time their suit was instituted the plaintiffs were in default on payments due on the first mortgage on Parcel A. The plaintiffs, after notification of the danger of foreclosure, sued to rescind their contract with the defendants Chopman and to secure an adjudication of forfeiture of Hodges' commission. Conceiving that the Chopmans had assigned their interest and that the parties could not be restored to their original positions, the court granted the motion to dismiss the complaint. This was assigned as error.
In Pryor v. Oak Ridge Development Corporation, 1929, 97 Fla. 1085, 119 So. 326, 329, the plaintiff filed a complaint to rescind a contract for the purchase and sale of certain lands. A demand for the purchase price was made and a deed tendered back for the land conveyed. Two of the lots in the original deed had been conveyed to other parties. On appeal the Supreme Court of Florida said:
"It is a general rule that a contract cannot be rescinded for fraud or misrepresentation where it is not possible to put the parties back in their original positions and with their original rights."
It is clear from the pleadings in the instant case that the parties cannot be restored to their initial positions. The complaint discloses that the plaintiffs were in default on the mortgage on Parcel A and that the defendants Chopman had assigned their interests therein as lessor to an apparent purchaser for value without notice. Thus the only interest that the plaintiffs have to convey is that of lessees in default. The Chopmans having assigned their interests to another party, a rescission could not restore the parties in interest to their original rights and positions. A party seeking to rescind an agreement must offer to place the other party in statu quo, and if such restoration is impossible the contract cannot be rescinded. See Lang v. Horne et al., 1945, 156 Fla. 605, 23 So.2d 848; McDonald v. Sanders, 1931, 103 Fla. 93, 137 So. 122; Cox v. Grose, 1929, 97 Fla. 848, 122 So. 513.
The plaintiffs contend that a summary judgment should have been entered for them, citing Taborsky v. Mathews, Fla. App. 1960, 121 So.2d 61. We are mindful of the proposition of law that a broker or agent cannot act as such for both the buyer and the seller in the same transaction without the consent of both parties. It is noted, however, that when this suit for rescission was instituted intervening circumstances had arisen which involved interests and rights other than those of the defendant Hodges. In these circumstances we are constrained to hold that, even though defendant Hodges did in fact undertake a dual agency as the plaintiffs contend, a rescission of the transaction is not authorized. See Pryor et al. v. Oak Ridge Development Corporation, supra.
Inasmuch as the plaintiffs did not state a justiciable cause of action for rescission, they obviously were not entitled to summary judgment. Accordingly the chancellor's order granting the defendants' motion to dismiss the complaint and denying the plaintiffs' motion for summary judgment is affirmed, but without prejudice to the plaintiffs' right to proceed otherwise against the defendant R.T. Hodges as they may be advised.
Affirmed.
SHANNON, C.J., and ALLEN, J., concur.