PER CURIAM.
The appellant, intervenor in the trial court seeks review of an adverse summary final judgment entered in an action whereby the appellee, Jupiter Corporation, sought appointment of a receiver and liqui *551 dation of the assets of the appellee, Florida Exploration Company.
The record on appeal reveals that in 1949 or 1950 certain individuals formed the Florida Exploration Company in an attempt to settle business problems. In 1953, Commonwealth Oil Company, which by way of merger has become part of the ap-pellee-Jupiter Corporation, owned 65% of the stock of Florida Exploration. As the latter organization was in business difficulty, the majority stockholders decided to merge with Commonwealth. Murrell, the appellant, agreed to exchange his “stock on or about June 27, 1953. The merger took place and some minority stockholders of Florida Exploration brought a minority stockholders’ suit challenging the merger, which was ultimately set aside. See: Blanchard v. Commonwealth Oil Company, Fla.1956, 91 So.2d 803. While this litigation was pending, some time in 1954 the appellant exchanged five shares of Florida Exploration stock for 2,000 shares of Commonwealth Oil Company. Upon setting aside the merger, this action was filed on January 25, 1958 to appoint a receiver and to liquidate and distribute the assets of Florida Exploration Company. The first sale of said assets was set aside by this court. See: Blanchard v. Commonwealth Oil Company, Fla.App.1959, 116 So.2d 663. Thereafter, by stipulation, a consensual receiver was appointed who made a sale of Florida Exploration Company assets. Said sale has since been affirmed by this court. See: Turk v. Barns, Fla.App.1972, 264 So.2d 875. All that remains is to distribute the proceeds to the beneficiaries.
On October 23, 1968, the appellant herein filed a petition to intervene in the aforementioned proceeding, seeking to rescind his stock exchange [made in 1954] on the basis of an alleged misrepresentation as to the assets of Florida Exploration. Jupiter Corporation answered, and both parties moved for summary judgment.[1] After hearing argument thereon, the trial court entered the summary final judgment appealed herein on December 15, 1971. Petition for rehearing was denied on May 9, 1972.
The appellant contends the trial court erred in entering the summary final judgment appealed, on the grounds that the facts contained in the record on appeal, along with reasonable inferences derived therefrom, raise numerous genuine. questions of material fact precluding the entry of a summary judgment. We affirm on several grounds.
First, because the intervention should be barred by laches. Street v. Bartow Growers Processing Corp., Fla.1953, 67 So.2d 228; Benn v. Key West Propane Corp., Fla.1954, 72 So.2d 910; Martin v. Wilson, Fla.App. 1959, 115 So.2d 573. Further, that the transaction' cannot be rescinded because the parties cannot be returned to status quo. Coast City Coaches, Inc. v. Whyte, Fla.App. 1961, 130 So.2d 121; Smith v. Chopman, Fla.App. 1961, 135 So.2d 438; Zapetis v. Wills, Fla.App.1963, 156 So.2d 33. In addition, it is apparent from the record that the appellant, Murrell [who is an attorney], had agreed to an exchange of the stock in June of 1953 prior to any alleged misrepresentations occurring in November of 1953. Berkman v. Miami National Bank, Fla.App.1962, 143 So.2d 535; Southern Railway Company v. Wood, Fla.App.1967, 198 So.2d 834; Naples Park-Vanderbilt Beach Water District v. Downing, Fla.App. 1970, 244 So.2d 464.
The matter has been pending in one controversial state or another for some twenty-odd years, and it is time this litigation was put to rest. Therefore, the summary final judgment under review be and the same is hereby affirmed.
Affirmed.

. Geiser v. Permacrete, Inc., Fla.1956, 90 So.2d 610; Wilson v. Milligan, Fla.App. 1962, 147 So.2d 618; Board of Public Instruction of Dade County v. Fred Howland, Inc., Fla.App.1970, 243 So.2d 221.