285 So.2d 641 (1973)
Stanley J. KLINE et al., Appellants,
v.
DEVCON REALTY CORP. et al., Appellees.
No. 73-822.
District Court of Appeal of Florida, Third District.
October 24, 1973.
Rehearing Denied December 7, 1973.
*642 Horton & Perse and Strauss & McCormick, Miami, for appellants.
Kovner, Mannheimer, Greenfield & Cutler, Jepeway, Gasen & Jepeway, Pallot, Stern, Proby & Adkins, and Bolles, Goodwin, Ryskamp & Welcher, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and SPECTOR, SAMUEL, Associate
HENDRY, Judge.
Appellants, defendants in the trial court, seek review of an adverse final summary judgment of specific performance of a contract of sale of an eighty acre tract of land located in South Dade County.
On September 19, 1972, appellants, who jointly owned a two-third interest in the property, and defendants, Slewetts, Danskys and Kotts, owners of the other one-third interest, entered into a written deposit receipt contract to sell the land for Two Million Dollars ($2,000,000.00).[1] The original purchaser was Jemco Mastercraft Homes, Inc. The contract provided for a closing within 120 days on January 17, 1973.
There followed a series of assignments of the contract, with plaintiff-appellees, as trustees, ultimately acquiring the interest in the contract. The real estate brokers were shown on the contract as Irwin E. Kott and Pyms-Suchman Real Estate Company. They agreed to participate equally in a Two Hundred Thousand ($200,000.00) Dollar commission on the sale.
Kott owned a one-ninth interest in the property. As a broker and representative of the other sellers, Kott had presented the offer of sale and arranged the purchase through Pyms-Suchman. Jack Pyms and Clifford Suchman were the principals of the brokerage firm, and together they owned 50% of the stock of Jemco, the original buyer, and appellee, SOJ Realty Corp., one of the ultimate assignees.
*643 The purchasers made the required down payment of Fifty Thousand ($50,000.00) Dollars. Following a meeting in late December, 1972, or early January, 1973, between appellees and defendants Messrs. Kott, Dansky and Slewett, relating to the sellers obtaining water and sewer services, the closing was put off until February 9, 1973. This was communicated to appellant Stanley Kline by letter; none of the Klines objected, and on February 9th they appeared at the office of appellees' attorney for the closing. However, after all documents necessary for the closing had been drawn up, appellant E.B. Kline, refused to deliver to the appellees the warranty deed conveying his interest in the property. Appellees then instituted the instant action seeking specific performance of the contract.
The Klines answered and affirmatively defended. Appellants basically alleged a conspiracy, with defendant Kott involved as a co-conspirator, to defraud them and force a sale of the property at an unfair price.[2] Appellants further alleged that Pym, Suchman, and Kott, acting as real estate brokers, had fiducuary duties to appellant and that they violated F.S. 475.25(1)(a), F.S.A., as well as certain regulations of the Florida Real Estate Commission by failing to made a full disclosure prior to the signing of the contract as to the true identity of the buyers and the time value of the land, and that Pyms and Suchman held a 50% interest in both the original purchasing corporation as well as one of the two ultimate assignees.
Appellants also maintained that the delay in the closing until February 9th violated the 120-day time period in that the contract made time of the essence. Co-defendants Kotts, Danskys and Slewetts in this cause filed a cross-claim against appellants also seeking specific performance.
Appellees moved for a summary judgment, and on June 12, 1973 the trial court granted the motion and entered final summary judgment. The court found that there was no duty on the purchasing corporation to inform the defendants of the identity of the stockholders and that Pyms, Suchman and their real estate brokerage firm were not parties to the action. In addition, the court found that time was not of the essence to the contract, nor had there been unreasonable delay in the closing; and, in any event, the Klines had waived any objection by attempting to close the transaction on February 9th.
Appellants argue that the court erred in finding that plaintiffs were entitled to summary judgment as a matter of law. We cannot agree, and accordingly affirm.
We note initially that appellants currently have pending in the trial court a cross-claim against Kott alleging fraud. In addition, the Klines have pending a counterclaim against Pyms-Suchman Real Estate Company in an action against the Klines for a real estate commission. The counterclaim makes the same allegations of fraud.
Appellants rely on F.S. 475.25(1)(a), F.S.A., and regulations of the Florida Real Estate Commission as grounds for denying specific performance of the contract. The statute, however, only imposes sanctions upon brokers who engage in fraud; this section deals only with the possible suspension or revocation of a license to practice as a real estate broker.
Our research reveals that an action for recision of a contract for the purchase and sale of land raises considerations which must be separated from the alleged fraud of a real estate broker.
In Smith v. Chopman, Fla.App. 1961, 135 So.2d 438, the court was faced with a situation analogous to the instant cause. The plaintiffs there had sued for recision of a real estate contract because *644 of the real estate broker's dual agency. The trial court granted a motion to dismiss the complaint, and the Second District Court of Appeal affirmed. The court quoted an earlier Florida Supreme Court case, Pryor v. Oak Ridge Development Corporation, 97 Fla. 1085, 119 So. 326, stating:
"It is the general rule that a contract cannot be rescinded for fraud or misrepresentation where it is not possible to put the parties back in their original positions and with their original rights."
Stated another way, a party seeking to rescind an agreement must offer to place the other party in statu quo, and where intervening circumstances have arisen involving the interests and rights of those other than a party accused of fraud, the contract cannot be rescinded. Smith v. Chopman, supra; Zapetis v. Wills, Fla.App. 1963, 156 So.2d 33; Murrell v. Jupiter Corporation, Fla.App. 1973, 274 So.2d 550.
The facts in the cause sub judice demonstrated that there were interests and rights which intervened and did not involve the alleged fraud of the brokers Pyms, Suchman or Kott. In the first place, appellants' co-defendants Danskys and Slewetts did not raise fraud as an issue; they, in fact, agreed that the plaintiffs were entitled to specific performance and filed a cross-claim against the Klines.
Secondly, Pyms and Suchman owned only a 50% interest in the original purchaser and one of the ultimate assignees. The second assignee, Devcon Realty Corporation, was separately owned, but admittedly was involved in a joint venture with SOJ Realty Corp. in regard to the land in question.
Appellant contends that since there was a joint venture existing, the alleged fraudulent acts of Pyms and Suchman as principals of SOJ Realty Corp. are imputed to Devcon Realty Corp. See 18A Fla.Jur., Joint Adventurers § 15.
Generally, joint adventurers have the power to bind one another in matters strictly within the scope of the joint enterprise. Proctor v. Hearne, 100 Fla. 1180, 131 So. 173; Bryce v. Bull, 106 Fla. 336, 143 So. 409; Campbell v. Jacksonville Kennel Club, Inc., Fla. 1953, 66 So.2d 495. In the instant cause, we do not think that the alleged fraud and nondisclosure of the real estate brokers was strictly within the scope of the appellee-corporations' joint enterprise.
There is an additional factor in this cause which makes it even more difficult to return the parties to statu quo. Due to the valuable nature of the property and other pressing economic factors, the trial court denied appellants' motion for a supersedeas at the time he entered final summary judgment. This court also denied a supersedeas. Subsequently, but prior to oral argument, the deed held by appellant E.B. Kline was actually delivered to the appellees in compliance with the court's order of specific performance. Therefore, this case must now be determined in a posture which virtually makes the issue of specific performance moot. Returning all the parties in this case to their original position with their original rights may be impossible, or at least very difficult. Any remedy the appellants may have would lie against the real estate brokers.
We have carefully considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] One of the appellants, E.B. Kline a/k/a B.E. Kline, was a beneficial owner of a 1/3 interest in the property. He signed the contract. His sister, H. Weinstein, was the record title holder of this interest, and she did not sign the contract. Appellants have raised this as error in granting a summary judgment for specific performance. However, this issue was not raised in the trial court, and the record reflects that the sister was a mere naked title holder subject to E.B. Kline's direction.
[2] Appellants alleged in their answer that Pyms, Suchman, and Kott all knew the land in question to be properly evaluated in excess of Four Million ($4,000,000.00) Dollars at the time the deposit receipt agreement was entered into.