DOWNEY, Chief Judge.
Appellants are the residuary beneficiaries of the Estate of Janet E. Lyon. Appellees, the executors of the said estate, were charged in a third amended complaint with negligence in the administration thereof. The trial court dismissed appellants’ third amended complaint with prejudice and this appeal ensued.
The Will in question made a number of cash bequests to relatives and directed that the residue of the estate should be turned into cash and divided equally among the appellants and another charitable beneficiary which has not joined in this action. It appears that the great bulk of the estate was to pass under the residuary clause of the Will.
The third amended complaint was originally cast in three counts. Count I sounded in strict liability; this appeal does not involve that portion of the complaint. Counts II and III involved the alleged negligence of the appellees as executors in failing to timely liquidate certain assets of the estate pursuant to the decedent’s testamentary direction.
*532 Since the issue involved here turns upon whether the third amended complaint states a cause of action, it is necessary to review that pleading. Among other things, the complaint alleges that the Will directed ap-pellees to turn the residue of the estate into cash for distribution to the residuary beneficiaries. However the appellees, though under a fiduciary duty to do so, failed to liquidate certain securities which formed part of the estate corpus within a reasonable time after commencing the administration. It is alleged that the assets included securities valued at over one-half million dollars and that although many of said securities continued to decline during the administration of the estate, appellees did not inform themselves of market conditions; for 2V2 years they did not liquidate said securities as directed in the Will and as a consequence the value of said assets dwindled anywhere from 66% to 83% of the inventory value thereof.
Essentially, appellants charge appellees with negligence in failing to liquidate the securities in question because they were directed to do so in the Will. The provisions of the Will, they say, mandated that within a reasonable time the executors were required to liquidate those assets. Appellees on the other hand deny that the Will provided for such timely conversion of the securities into cash. They further suggest that they were not required to liquidate these securities because there is no allegation in the complaint that they were speculative non-legal securities.
We think the allegations of the complaint are sufficient to create a question for the trier of fact as to whether under the circumstances alleged the appellees should have liquidated the assets in question. After providing for several cash bequests to relatives, the testatrix directed the executors, in rather unambiguous terms, to “turn into cash and divide” all the residue of her property. Whether it was negligent for appellees to continue holding said securities for well over two years in the face of that testamentary mandate is a question of fact under the allegations of the appellants’ third amended complaint.
Appellees make one further contention worthy of note. Paragraph IX of the Will enables the general legatees to take some specific asset of the estate rather than the cash bequest. Specifically, Paragraph IX provides:
“In the event any of my legatees named herein should desire assets of my estate, either real or personal, in lieu of the cash sums specifically bequeathed to him or her, then he or she shall have the right to purchase said assets from my estate for the value placed on said assets in my proceeding, applying the specific legacy in full or in part against said purchase price.”
Appellees suggest that the provisions of Paragraph IX, when considered in conjunction with the mandate of Paragraph VI, authorizes the executors to delay conversion of the securities to cash until some later stage in the administration when the general legatees have exercised the option contained in Paragraph IX. Appellants counter that argument by saying the privilege given the general legatees to purchase any of the assets of the estate for the value placed thereon in the estate proceeding is intended to give the general legatees (all relatives of the decedent) an opportunity to purchase family heirlooms and items of that nature. Appellants contend it is unreasonable to conclude the testatrix meant to give the legatees the option to take securities rather than cash since the legatees could themselves purchase the same securities in the market place.
In our opinion the issues involved here can best be resolved upon a fuller consideration of the facts and circumstances involved. At this threshold stage of the proceeding we are not even advised of the nature of the assets of the estate or any other facts which might enable the court to determine the intention of the testatrix.
Accordingly, the judgment dismissing appellants’ third amended complaint is reversed and the cause is remanded with directions to reinstate said complaint and allow appellees to file an answer and for further proceedings.
*533 REVERSED AND REMANDED with directions.
CROSS and BERANEK, JJ., concur.