540 So.2d 224 (1989)
AAGAARD-JUERGENSEN, INC., Appellant/Cross-Appellee,
v.
Margott LETTELIER, Appellee/Cross-Appellant.
No. 88-114.
District Court of Appeal of Florida, Fifth District.
March 23, 1989.
Steven R. Schooley of Bull and Mize, Orlando, for appellant/cross-appellee.
Bernard D. Summers, P.A., Maitland, for appellee/cross-appellant.
ORFINGER, Judge.
Aagaard-Juergensen, Inc. appeals the final summary judgment in favor of one of the defendants herein, Margott Lettelier, as to all causes of action asserted against her.[1] Because there are genuine *225 issues of material fact to be tried, we reverse the summary judgment and remand the case for trial.
B.P. Development and Management Corporation hired plaintiff, Aagaard-Juergensen, Inc., (A-J) to construct the Alamo Shopping Center located in Orange County, Florida. A-J in turn subcontracted with JBC Electrical Wiring Contractors, Inc. (JBC) to do the electrical work for the shopping center. The parties' contract required JBC to, inter alia, "turn said work over to contractor in good condition and clear of all claims, encumbrances, or liens." Some months later, Southern Electric Supply Company filed a claim of lien in excess of $100,000 against the Alamo Shopping Center for materials which had been supplied to JBC for installation on the job, but for which payment had not been received. A-J transferred the claim of lien to a bond and immediately thereafter, instituted the instant action against defendants; JBC, James Lettelier and Margott Lettelier contending in various counts and under different legal theories that the defendants had obtained payment from A-J by fraudulently certifying that Southern Electric had been paid, knowing the contrary to be true.
The party moving for summary judgment has the burden of proving the complete absence of a triable issue of material fact, and the proof must be such as to overcome all reasonable inferences which could be drawn in favor of the opposing party. Landers v. Milton, 370 So.2d 368 (Fla. 1979). All doubts regarding the existence of an issue in a motion for summary judgment are resolved against the moving party, and all evidence before the court plus favorable inferences reasonably justified thereby are to be liberally construed in favor of the opponent. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965).
The pleadings, depositions and admissions on file, viewed in the light most favorable to A-J as the non-moving party reveal these facts. Defendants James and Margott Lettelier are president and secretary, respectively, of JBC, a family corporation. Margott handled the books and records of JBC and issued its corporate checks. James Lettelier, as president, prepared various pay requests for submission to A-J, among which were requests for materials totalling in excess of $100,000. Each pay request certified that all materials, labor and services were fully paid for and that the job-site could not be the subject of any valid lien or claim by anyone who had furnished material, labor or services. Each pay request was signed and sworn to as correct by James Lettelier before Margott Lettelier who subscribed each one as a notary public, and on the basis of the sworn requests, A-J paid the certified sums to JBC.
In Margott's motion for summary judgment, she asserts that "although [she] knew Southern Electric Supply Co., Inc. was not paid at the time she notarized the payment requests, she did not execute the payment requests as a signatory in her individual capacity nor as an agent of JBC Electrical Wiring Contractors, Inc., but merely notarized the signature of her husband James Lettelier. Thus, the misrepresentation, if any, was not hers." She contends further that she made no representations, did not read the pay requests but merely notarized her husband's signature, and is thus not liable under the various causes of action asserted by A-J.
A trier of fact could find that the inferences arising from the facts on record completely contradict Margott's assertions that she had no complicity in or knowledge of the alleged misrepresentations or misappropriation of the funds. She was an officer and a director of this family corporation, she handled the books and wrote all the checks, and she knew that the invoices in question had not been paid. When she notarized her husband's signature on the various pay requests, the papers were all before her, and each request itemizes the amount requested and contained the certification referred to. A jury could conclude that in her capacity of keeper of the books, handler of the funds and writer of the checks she was well aware of the certification *226 required to secure payment; that she knew that the paper her husband signed falsely represented that the amounts requested had been paid to Southern, and that she notarized her husband's signature with knowledge that the statements were not true, thus participating in wrongfully procuring the funds.[2]
The summary judgment is therefore reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
DANIEL, J. and EVANS, V.W., Jr., Associate Judge, concur.
NOTES
[1] An order which finally dismisses a claim as to less than all defendants is final and appealable as to the parties discharged. Robert Granoff Corp. v. United First Federal Savings and Loan Ass'n of Sarasota, Fla., 424 So.2d 199 (Fla. 5th DCA 1983); Niesz v. R.P. Morgan Building Company, Inc., 401 So.2d 822 (Fla. 5th DCA 1981).
[2] We do not suggest that this is a necessary conclusion, but only that this is a permissible conclusion which could be drawn from the admitted facts.