COBB, Judge.
This is an appeal of a summary final judgment against an attorney, Henry Giedzinski, in favor of the plaintiff below, Diane Farmer Palmer, in respect to Count V of her amended complaint alleging that Gied- *295 zinski breached his fiduciary duty and confidential relationship as Palmer’s attorney.
In 1986, Giedzinski represented Dorothy Lee in a closing involving the sale of part of a parcel of land known as Executive Park, which she owned, as trustee. The sale price for this smaller parcel, which is about one-half of the property, was $3,950,-000.00. It was sold to the Ocala Outlet Mall. Thereafter, in December, 1986, Gied-zinski purchased a 49% beneficial interest in the Executive Park Land Trust from Dorothy Lee for the sum of $984,000.00. He paid $200,000.00 in cash and executed a promissory note (secured by his beneficial interest) for the balance. There was an outstanding mortgage on the entire property owned by Henry Petronis.
Diane Farmer Palmer, whom Giedzinski had represented in several real estate, trust, and will matters, purchased a 19.6% interest in the land trust from Giedzinski in 1987. At that point, Giedzinski calculated the value of the entire land trust to be $5,000,000.00, making his 49% interest worth approximately $2,500,000.00. He sold the 19.6% interest in the land trust to Palmer for $1,000,000.00 in July, 1987. Palmer asserts she did not investigate the Executive Park Land Trust prior to this purchase, but relied on Giedzinski. From the proceeds Giedzinski received from Palmer he discharged the Petronis mortgage. In 1988, Giedzinski obtained a MAI appraisal of the land trust estimating its value at that time at $6.5 million. Thereafter, it is clear that the property declined in value as a result of an economic recession. Giedzinski asserts that he did not act as Palmer’s attorney, or as attorney for the land trust, in respect to Palmer’s purchase of the 19.6% interest.
In 1989, Palmer and two of her grantees filed an action against Dorothy Lee and Giedzinski alleging multiple tortious and contractual wrongs. Ultimately, the trial judge entered summary final judgment for Palmer on Count V of her amended complaint, which alleged that Giedzinski had breached his fiduciary duty and confidential relationship as Palmer's attorney. The validity of that judgment, which granted damages and rescission to Palmer, is the issue on this appeal.
We articulated the test for review of a summary judgment in Aagaard-Juergen-sen, Inc. v. Lettelier, 540 So.2d 224, 225 (Fla. 5th DCA 1989):
The party moving for summary judgment has the burden of proving the complete absence of a triable issue of material fact, and the proof must be such as to overcome all reasonable inferences which could be drawn in favor of the opposing party. Landers v. Milton, 370 So.2d 368 (Fla.1979). All doubts regarding the existence of an issue in a motion for summary judgment are resolved against the moving party, and all evidence before the court plus favorable inferences reasonably justified thereby are to be liberally construed in favor of the opponent. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965).
In the instant case there were a number of disputed issues of material fact which precluded summary judgment in respect to Count V of Palmer’s amended complaint. The primary issue, of course, is the existence vel non of an attorney-client relationship, or a fiduciary relationship, between Giedzinski and Palmer at the time of the latter’s purchase of an interest in the Executive Park Land Trust. Moreover, there was evidence before the trial court that Palmer had transferred a portion of her 19.6% interest prior to the action and therefore would not be entitled to a judgment in the full amount of $1,000,000.00. This latter fact would also preclude the remedy of rescission, absent a showing by Palmer that the parties to the original transaction could be restored to the status quo. See Pryor v. Oak Ridge Development Corporation, 97 Fla. 1085, 119 So. 326 (Fla.1928). In short, this is simply not a case that lends itself to disposition via summary judgment.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GOSHORN, C.J., and COWART, J., concur.