THOMPSON, C.J.
This non-final appeal arises from a partial summary judgment as to negligence entered in favor of plaintiff Eleanor Red-ding, the appellee in this cause. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(B) and 9.130(a)(3)(C)(iv). We reverse.
Redding’s complaint against Joseph Ma-rinaro stemmed from a January 15, 1996, accident which took place as she was riding her bicycle and came into contact with Marinaro’s vehicle. She allegedly was thrown from her bicycle and suffered injuries.
According to Redding’s deposition, she was riding her bicycle north on a bike path on State Road A1A just south of Melbourne Beach. The four foot wide asphalt path is a paved area attached to A1A. It passes in front, of a convenience store parking lot, where cars entering and exiting must cross the bike path in order to get on or off A1A. As Redding approached the area of the path near the parking lot, she observed Marinaro’s station wagon stopped in the parking lot but intruding into the bike path. She thought Marinaro was clearly planning to drive onto A1A going south, but waiting for traffic to thin out so as. to safely enable him to do so. Redding asserts that she had the right-of-way and was riding in front of Marinaro when he accelerated out of the parking lot without seeing her and clipped her. Mari-naro’s deposition and interrogatories reveal that he recalls the accident differently. 'As he remembers it, he was safely stopped and positioned to drive onto A1A from the parking lot, perhaps sitting partially on the path, when Redding collided into his vehicle, and thus she was at fault.
Redding moved for summary judgment on a number of issues, including negligence and comparative negligence. During the hearing on the motion, Redding’s counsel argued that Redding had the right-of-way on the bike path and thus Marinaro’s intrusion into the bike path and then accelerating and hitting her made him liable. In response, Marinaro’s counsel pointed out that according to Marina-ro’s testimony, Redding hit him while he was safely stopped on the driveway in *1049 order to proceed onto A1A. The trial court denied the motion as to comparative negligence but granted it as to negligence without explanation.
The party moving for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); Lashley v. Bowman, 561 So.2d 406, 408 (Fla. 5th DCA 1990) (summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law, and if the evidence will permit different reasonable inferences, it should be submitted to a jury as a question of fact); Aagaard-Juergensen, Inc., v. Lettelier, 540 So.2d 224, 225 (Fla. 5th DCA 1989).
Entering summary judgment as to negligence was inappropriate. There was no showing of an absolute right-of-way for the bicyclist in this context and thus any determination of negligence as a matter of law that relied on the bicyclist’s right-of-way on a bike path was misplaced. If the jury believes Redding, then the conclusion the trial judge has reached will turn out to be the correct one. But since the jury could reject Redding’s story and instead choose to wholly believe Marinaro, the jury could find Redding 100% at fault for this accident. Since the evidence permits different reasonable inferences, the question should be submitted to a jury.
REVERSED.
W. SHARP, and GRIFFIN, JJ., concur.