828 So.2d 1076 (2002)
Justin NILES, Petitioner,
v.
Michael J. MALLARDI, Jr., and Margaret Gibbons, Respondents.
No. 4D02-1008.
District Court of Appeal of Florida, Fourth District.
October 23, 2002.
*1077 Andrew Seiden and J. Andrew Fine of Seiden, Alder, Petosa & Matthewman, P.A., Boca Raton, for petitioner.
Robert A. Selig of the Law Offices of Robert A. Selig, LLC, Boca Raton, for respondents.

ON MOTION FOR CLARIFICATION
KLEIN, J.
We withdraw our previous opinion of September 4, 2002 and substitute the following.
Petitioner, a lawyer who handled the probate of the estate of Michael Mallardi, Sr., seeks certiorari review of an order determining that the attorney-client privilege does not apply to his testimony because of the fraud exception. We deny the petition.
Petitioner prepared a will for Michael, providing that on his death or the death of his wife, the marital trust proceeds would be distributed to Michael's children. After Michael died, and while petitioner was representing the deceased's widow Marilyn as personal representative of the estate, petitioner prepared a will for Marilyn. Her will provided for the residue of the marital trust to go to her children from a prior marriage. After Marilyn died it became apparent that her children inherited assets which should have gone into the marital trust for the benefit of Michael's children, and Michael's children sued her estate. A jury found that Marilyn had breached her fiduciary duty and intentionally interfered with the inheritance of the children of Michael.
The successful plaintiffs then brought this action against petitioner, alleging intentional interference with an expectancy and breach of fiduciary duty. When petitioner objected to his deposition being taken, asserting the attorney-client privilege, the trial court ruled that the privilege did not bar his being deposed because of the crime/fraud exception to the privilege.
Section 90.502(4), Florida Statutes (2002) provides that there is no attorney-client privilege where the lawyer's services were utilized for the commission of a crime or fraud. In First Union National Bank *1078 v. Whitener, 715 So.2d 979, 982 (Fla. 5th DCA 1998), the court, in reviewing whether the crime/fraud exception to the attorney-client privilege was applicable, stated:
Constructive fraud is the term typically applied where a duty under a confidential or fiduciary relationship has been abused, or where an unconscionable advantage has been taken. Constructive fraud may be based on misrepresentation or concealment, or the fraud may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding party. See Fulton v. Clewiston, Ltd., 100 Fla. 257, 129 So. 773 (1930); Pryor v. Oak Ridge Dev. Corp., 97 Fla. 1085, 119 So. 326 (1928).
In holding that the crime/fraud exception did not apply, the Whitener court emphasized that there was no evidence that the lawyer had given advice on "how to steal the trust's assets, or how to otherwise enrich the trustee at the expense of the beneficiary." See also Harrell v. Branson, 344 So.2d 604, 607 (Fla. 1st DCA 1977)(stating that constructive fraud "is deemed to exist where a duty under a ... fiduciary relationship has been abused").
In the present case a jury has already found that Marilyn breached her fiduciary duty and interfered with an inheritance, and the petitioner was representing her as personal representative and individually when these things occurred. The essence of the claim is that Marilyn fraudulently diverted assets which should have been inherited by the deceased's children for the benefit of her own children, and that petitioner is liable for the loss. We conclude that these allegations, if true, would fall within the fraud exception to the attorney-client privilege.[1]
We therefore deny the petition.
TAYLOR and MAY, JJ., concur.
NOTES
[1] Our opinion should not be construed as making an exception to the attorney-client privilege merely because there has been a breach of fiduciary duty. That theory of recovery is broad, and can include conduct which is merely negligent but does not rise to a level of fraud. A personal representative who is under a duty to promptly liquidate securities in an estate, but neglects to do so and their value drops substantially, may be liable for breach of fiduciary duty. Nat'l Soc'y for Prevention of Blindness, Inc. v. Parson, 374 So.2d 531 (Fla. 4th DCA 1979). That type of conduct, however, would not be sufficiently egregious to come within the crime/fraud exception.