65 So.2d 736 (1953)
STEAK HOUSE, Inc.
v.
BARNETT.
Supreme Court of Florida, Division A.
May 12, 1953.
Rehearing Denied June 4, 1953.
*737 James Halley Ruby, Miami Beach, for appellant.
Roth & Faber, Miami, for appellee.
SEBRING, Justice.
The appellant was the plaintiff below. It instituted suit to rescind a contract entered into with the appellee. The trial court granted a motion to dismiss the complaint and this appeal followed.
According to the complaint and the exhibits, the plaintiff was the lessee of certain premises on which were located businesses known as the Singapore Lounge and the Fisherman's Wharf. The premises were being managed and operated by the defendant under an agreement between the plaintiff and the defendant. Prior to the agreement hereafter referred to the plaintiff had sublet certain portions of the premises to other persons.
On April 10, 1952, the plaintiff entered into an agreement with the defendant whereby (1) all prior agreements between the parties in conflict with the pending agreement were terminated and cancelled; (2) all rights and interests of the plaintiff in and to the lease and the subleases and to the furniture and fixtures on the premises were assigned to the defendant; (3) all obligations of the plaintiff under its lease and subleases were assumed by the defendant; (4) the defendant assumed and agreed to pay all indebtedness of the plaintiff up to the sum of $18,000; and (5) the defendant agreed to indemnify and hold the plaintiff harmless against any claim or claims on account of the $18,000 indebtedness.
The complaint instituted in this cause for rescission of the agreement averred performance on the part of the appellant and the failure and refusal of the assignee to pay the indebtedness of the assignor as agreed. The bill further alleged that the promise made by the assignee to pay the indebtedness "was false and fraudulent and was known to the defendant to be false and fraudulent at the time it was made; that, in truth and in fact, at the time defendant made and entered into the said agreement he did not intend to assume and pay the indebtedness of the plaintiff * * * and that defendant made the said false and fraudulent statements and representations to plaintiff [who did not know of the falsity thereof and relied thereon] to induce plaintiff to execute the agreement."
The bill of complaint further alleged that the plaintiff did not have an adequate remedy at law; that the defendant "has no visible property open to attachment or levy known to plaintiff other than the subject matter hereof," and that "plaintiff is willing and able and hereby offers to do equity herein and to repay to defendant any amounts * * * found to be due and owing from the plaintiff to the defendant in order to place the parties hereto in the status quo existing at the time of the execution of such agreement."
The plaintiff urges on this appeal that the court below committed reversible error in granting the motion to dismiss the bill of complaint for failure to state a claim upon which relief could be granted. The question before us is whether, assuming that the allegations of the bill are true, and that there has been a breach of the covenant in question, the plaintiff should be entitled to rescission in equity or whether it must be left to its remedy at law for damages.
As a general rule, rescission is granted for fraud as to existing fact, but not for failure to perform a covenant or promise to do an act in the future, unless the covenant breached is a dependent one. Beach v. Williamson, 78 Fla. 611, 83 So. 860, 9 A.L.R. 1438; Harrington v. Rutherford, 38 Fla. 321, 21 So. 283. See also 9 Am.Jur., p. 373. Conditions or covenants in a contract are classed as dependent or independent from a consideration of the intention and understanding of the parties as shown by the whole contract. Southern Colonization Co. v. Derfler, 73 Fla. 924, 75 So. 790, L.R.A. 1917F, 744.
A covenant is independent where it does not go to the whole consideration of the contract but is only subordinate and *738 incidental to its main purpose, and the breach of such a covenant will not ordinarily constitute a sufficient reason for rescission. 17 C.J.S., Contracts, § 425, pages 910-911.
A covenant is dependent where it goes to the whole consideration of the contract; where it is such an essential part of the bargain that the failure of it must be considered as destroying the entire contract; or where it is such an indispensable part of what both parties intended that the contract would not have been made with the covenant omitted. Black on Rescission and Cancellation, 2nd ed., Vol. I, pp. 555, 601. A breach of such a covenant amounts to a breach of the entire contract; it gives to the injured party the right to sue at law for damages, or courts of equity may grant rescission in such instances if the remedy at law will not be full and adequate. Savage v. Horne, 159 Fla. 301, 31 So.2d 477; 6 Pomeroy, Eq. Juris., Sec. 685.
Where at the time of the execution of a contract the party promising to perform an act in the future has a secret undisclosed intent not to carry it out but fraudulently represents that he will perform as an inducement to the other party to enter into the contract, this fraud is ground for rescission in equity, whether the act to be performed constituted the entire consideration or not. Pryor v. Oak Ridge Development Corp., 97 Fla. 1085, 119 So. 326; Alechman v. Edwards, Fla., 56 So.2d 327. The right to rescind in such a case is not bottomed upon the breach of the promise but upon the fact that fraud was practiced in the inception as to an existing material fact, namely the existing state of mind of the promisor, and the opposite party was thereby induced to enter into the contract. Collins v. McKelvain, 138 Fla. 463, 189 So. 655; Restatement of Contracts, Sec. 473.
In either of the above situations, where the bill is based on breach of a dependent covenant or upon fraud, equity will not usually order rescission unless the condition of the parties as it existed prior to the execution of the contract can be restored. Pryor v. Oak Ridge Development Corp., supra; Southern Colonization Co. v. Derfler, supra.
Construing the complaint and exhibits before us in the light of all conditions and circumstances, we do not think it can be said that the complaint was wholly without equity. Although the covenant alleged to have been breached by the defendant did not go to the entire consideration of the contract, we think it is such that the plaintiff would not have entered into the contract with that provision omitted.
The charge is made in the complaint that at the time the contract was executed the defendant did not intend to carry it out yet fraudulently made the representation that he would do so in order to induce the plaintiff to part with valuable considerations. The allegation is also made to the effect that the defendant is insolvent, except for the property gotten from the plaintiff by means of the fraudulent representations. As already stated, there are allegations in the complaint that the plaintiff "is willing and able and * * * offers to do equity * * * and to repay to defendant any amounts * * * found to be due and owing from the plaintiff to the defendant in order to place the parties * * * in the status quo existing at the time of the execution of such agreement."
While the complaint is by no means a model of pleading, we hold that it does not wholly fail to meet the requirements of the decisions, and that consequently plaintiff should be given the opportunity to prove the issues tendered if it can do so. From this conclusion it follows that the decree appealed from should be reversed with directions that further proceedings be had in the court below in accordance with law and in conformance with this opinion.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.