BARKDULL, Judge.
By these appeals, the appellants seek review of a final decree in a partnership accounting wherein the chancellor made findings of fact, conclusions of law, and adjudicated certain sums of money due from the appellants to the representatives of their deceased partners. Said final decree reads as follows:
******
“THIS CAUSE coming on to be heard upon FINAL HEARING as to the partnership accounting and the Court having heard testimony of witnesses and having received evidence and being otherwise fully advised in the premises, the Court finds the following:
“FINDINGS OF FACT:
“1. That in November of 1961, Lake Osborne Utilities, a partnership, was comprised of the following partners:
PARTNER RESPECTIVE INTEREST
HENRY LEVIN i/3
IRVING BIERS i/i
IRVING KIPNIS y6
MORRIS BECKER i/6
“2. That in November of 1961, the capital position of each partner was equal to his proportionate share set forth above. No partner at this time had withdrawn partnership funds in excess of his proportionate interest.
“3. That there was no actual cash investment or outlay by the partners because they were able to get the homeowners and developers of Lake Osborne to dedicate the pipes and otherwise donate to the partnership the necessary implements to establish a water company.
“4. That on November 19, 1961, Henry Levin died leaving as the three surviving partners, Irving Biers, Irving Kipnis and Morris Becker.
“5. That on March 21, 1965, Morris Becker died, leaving as the two surviving partners, Irving Biers and Irving Kipnis.
“6. That from the date of Levin’s death (November 19, 1961) until February 1, 1964, there was no distribution made by the partnership.
“7. That after the death of Levin (and even prior to the death of Becker); the surviving partners Biers and Kipnis continued the business of the partnership using the joint partnership property to carry on the business. No good faith effort *160 was made at any time to compensate the decedent partners, Levin and Becker, for their respective interests.
“8. That between 1964 and 1968, the defendants, Biers and Kipnis, withdrew the sums of $105,049.00 from the partnership. No corresponding withdrawals were made in favor of the Estate of Levin or the Estate of Becker (see Plaintiff’s Exhibit 41 in evidence for detailed analysis).
“9. That the defendants, Biers and Kipnis, have admitted the authenticity of the aforesaid withdrawals totalling $105,-049.00.
“10. That the Defendants, Biers and Kipnis, have admitted that no withdrawals were made during this period in favor of the Estate of Levin or the Estate of Becker.
“11. That the Defendants, Biers and Kipnis, have admitted that they have not compensated the decedent partners, Le-vin and Becker, for their respective interests.
“12. That in addition to the above, the evidence shows (and the Defendants admit) that they owe the Estate of Levin the additional monies of $12,515.00 from assets of dissolved corporations which were taken over by the partnership.
“13. The evidence also shows that the Defendants owe the Estate of Becker the additional sum of $6,557.50 which item represents Becker’s interest in the assets of the dissolved corporations which were taken over by the partnership.
“Based upon the above facts, the Court makes the following:
“FINDINGS OF LAW:
“14. That the surviving partners continued to trade with the joint property of the partnership after dissolution came about as a result of the death of Levin and Becker.
“15. Death causes dissolution of a partnership but when the business is continued using the assets of the deceased partners, then the surviving partners become trustees for the decedents as to the partnership funds received by the survivors.
“Accordingly the Court CONCLUDES
“16. That the defendants, Irving Biers and Irving Kipnis, are trustees accountable to the Estate of Levin and the Estate of Becker as to the partnership funds received by these Defendants.
“17. That this Court finds that the Defendants, Irving Biers and Irving Kipnis, are indebted to the Estate of Henry Levin in the total sum of $56,419.00 for which sum let execution issue.
“18. That this Court finds that the Defendants, Irving Biers and Irving Kip-nis are indebted to the Estate of Becker in the total sum of $28,570.00 for which sum let execution issue.
“19. That the aforesaid sums represent the amount necessary to equalize each partner’s withdrawals in the proportions set out in item No. 1 of this DECREE plus 6% interest chargeable to the Defendant’s Biers and Kipnis from the date these items were wrongfully appropriated.
“20. The aforementioned beneficial ownership interest of each party, including the decedents, shall remain as follows:
BIERS 14
KIPNIS 14
LEVIN 1/3
BECKER i/6
until such time as the parties mutually agree on partition and distribution. In the event the parties cannot agree on partition or distribution, then this Court relinquishes its jurisdiction as to these items in favor of the Circuit Court of Palm Beach County wherein a partition suit is pending.
“21. This Final Decree does not preclude application by the parties for *161 Court costs including attorney’s fees, if applicable. Similarly the Court will entertain Motions for assessment of fees by the Court appointed Accountant and Commissioner.”
*-*«-*•* *
The appellants have assigned numerous errors urged in the findings of fact and conclusions of law rendered by the chancellor. However, a review of the record contains substantial competent evidence to support the decree rendered by the chancellor in all respects, save and except as to those items referred to in Paragraphs 12 and 13 quoted above. The evidence supports that these amounts are due to the respective parties referred to therein, but that they are due from the partnership upon dissolution. The evidence does not indicate that the individual, appellants have received these funds and, therefore, they should not be required to account for same. These items should be recovered in the dissolution proceedings referred to in Paragraph 20 above. To this extent, the decree here under review is in error.
As to the remaining sums found to be due, we affirm. Upon the death or retirement of a partner, a partnership is normally dissolved, but if the surviving or remaining partners continue the partnership business with the partnership assets they are required to account to the withdrawing or deceased partner’s estate. Stephens v. Orman, 1862, 10 Fla. 9; Wiese v. Wiese, Fla.App.1958, 107 So.2d 208; 24 Fla.Jur., Partnership, §.175; 40 Am.Jur., Partnership, § 368; 55 A.L.R.2d, § 3, p. 1400. And, by continuing the business of the partnership, they act as trustees for the withdrawing or deceased partner. Stephens v. Orman, supra; Sibert v. Shaver, 111 Cal.App.2d 833, 245 P.2d 514; Riley v. Riley, 150 Neb. 176, 33 N.W.2d 525; 24 Fla.Jur., Partnership, § 175; 40 Am.Jur., Partnership, § 369 ; 55 A.L.R.2d, § 4(b), p. 1402. As trustees, if they commit a fraud in the distribution of the partnership assets, they are jointly and severally responsible. In Re Kellogg’s Trust, 35 Misc.2d 541, 230 N.Y.S.2d 836; First & Merchants Nat. Bank of Richmond v. Bank of Waverly, 170 Va. 496, 197 S.E. 462; Bogert, Trusts & Trustees, 2nd Ed., Ch. 34, § 731; Vol. II, Scott on Trusts, 2nd Ed., §§ 224.4 through 224.6; 68 C.J.S. Partnership § 445e. And, it is appropriate to adjudicate interest upon any sums found to be due because of a fraudulent withdrawal or distribution. Bowman v. Carroll, 120 Cal.App. 309, 7 P.2d 734; Baum v. McBride, 152 Neb. 152, 40 N.W.2d 649; 24 Fla.Jur., Partnership, § 173; 68 C.J.S. Partnership § 397.
Therefore, for the reasons above stated, the final decree here under review be and the same is hereby affirmed in all respects, except as to Paragraphs 12 and 13 wherein the amounts therein set forth are adjudicated as a personal liability of the appellants ; and this cause is returned to the trial court with directions to amend Paragraphs 17 and 18 to reflect the elimination of the personal liability referred to in Paragraphs 12 and 13.
Affirmed in part and reversed in part, with directions.