341 So.2d 549 (1977)
Betty G. HILGENDORF, Appellant,
v.
Martha DENSON, Appellee.
No. BB-62.
District Court of Appeal of Florida, First District.
January 21, 1977.
Selig I. Goldin of Goldin, Turner & Cates, Gainesville, Sam Spector and Cynthia Tunnicliff, Tallahassee, for appellant.
*550 John F. Roscow, III, and William N. Long of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon, Langdon & Helpling, Gainesville, for appellee.
PER CURIAM.
Once again, Hilgendorf appeals from a Final Judgment entered upon Denson's claim for an accounting of the profits earned by Hilgendorf after Hilgendrof dissolved a partnership previously known as "Gateway Realty". This cause was previously before this Court. Betty G. Hilgendorf v. Martha Denson, Fla.App., 320 So.2d 36. This Court had remanded the cause to the trial judge inasmuch as there was an apparent error in dates which could affect the Judgment. The trial judge corrected the dates and reaffirmed his Final Judgment. In effect, the Judgment provided for distribution of the assets the parties previously owned as a partnership and required Hilgendorf to pay Denson one-half of all earnings made by her for a period of eleven months following the dissolution of the partnership.
In January, 1972, Hilgendorf and Denson formed a partnership known as "Gateway Realty". The nature of that business was to sell real estate. The partnership was compensated by earning real estate commissions. The partnership was a verbal one, with the understanding that the parties would share expenses and profits. It was not for a fixed period of time and, therefore, was subject to being dissolved at any time by the expressed decision of either party. Section 620.71(1)(b), Florida Statutes. In January, 1973, Hilgendorf told Denson that the partnership was over and Denson left February 2, 1973.
Hilgendorf and her husband owned the premises where the partnership had previously existed. Hilgendorf remained there and continued to operate a real estate business. For six or seven weeks she operated under the name of Gateway Realty of Gainesville, Inc., and thereafter as Betty Hilgendorf, Realtor. There had recently been a classified ad placed in the telephone directory which would continue until January of 1974. Hilgendorf continued to use the same telephone number. Hence, Hilgendorf had the benefit of the telephone number and the classified advertising. Denson set up her own business at a different location. Hilgendorf accounted for and paid to Denson one-half of all the sales which resulted from listings that were in the office at the time of the dissolution of the partnership. The Judgment entered against Hilgendorf was in addition to those figures.
Assuming arguendo that Hilgendorf continued the partnership business for a while, or used its assets, as the trial judge found, Denson's rights are governed by the provisions of Section 620.765, Florida Statutes. Under that Statute Denson had the right to have the value of her interest on the date of dissolution ascertained and to receive the value of that interest or, at her option, to receive the profits attributable to the use of her right in the property of the dissolved partnership. As stated in Sechrest v. Sechrest, 248 Wis. 516, 22 N.W.2d 594 (1946):
"The reason for the provision in the partnership law for payment of either interest on the retiring partner's share of the assets or profits, at his option, is not because the retiring partner still retains an interest in the business but rather is intended to give him a return on assets belonging to him which still are being employed in the business by the remaining partner... ."
By accepting the proceeds of the sales from listings which were in the office at the time of the dissolution of the partnership, Denson elected to receive a part of the profits. Any additional profits which have not been distributed to her would of necessity be limited to that part which her share of the assets of the partnership produced.
As this Court previously stated, Denson seeks to sustain her participation in Hilgendorf's profits for the eleven month period ending January 3, 1974, on the ground that under all the circumstances that is an appropriate period for an accounting by Hilgendorf of post-dissolution profits earned *551 with partnership assets. See 55 A.L.R.2d 1391, 1424 (1957). The difficulty from that proposition is that other than the sales already accounted for, as mentioned above, there is no evidence that any of the sales or profits made by Hilgendorf were related in any way to the assets of the partnership. "The best considered authorities hold that the former partner or his estate is entitled to the profits which are earned by his share of the assets, or according to his share of the capital, after deducting such share as is attributable to the skill and services of those who have continued to carry on the business." Rowley on Partnership, Sec. Ed., Sec. 42.3 C. 1.
It must be borne in mind that the profits of the partnership were the result primarily of the performance of personal services. In the absence of particular circumstances affecting the situation, a partner whose only contribution to the firm is personal services or skill is not entitled to share the profits earned after dissolution of the partnership when his services ended upon the dissolution. Again, 55 A.L.R.2d 1418. Griffeth v. Fehsel (1943), 61 Cal. App.2d 600, 143 P.2d 522.
We agree with the proposition that if a surviving or remaining partner continues the partnership business with the partnership assets, the remaining partner is required to account to the withdrawing partner. Biers v. Sammons, 242 So.2d 158 (3d DCA). The distinct difference between this case and the Biers case is that in the Biers case it was clearly the assets of the partnership which were the primary source of revenue (the operation of a utilities company), while in this action the primary basis for profits is the personal service of the parties in selling real estate.
The assets remaining at the time of the dissolution were so minimal that except for the listings already accounted for there was no basis upon which one could claim that subsequent earnings by Hilgendorf were derived therefrom.
The Judgment of the trial court is, therefore, vacated and set aside to the extent of the personal judgment of $9,058 entered in favor of Martha Denson against Betty G. Hilgendorf. The balance of the Judgment is affirmed.
BOYER, C.J., RAWLS, J., and McDONALD, PARKER LEE, Associate Judge, concur.