LARRY G. SMITH, Judge,
dissenting with opinion.
I would hold that plaintiff’s complaint states a basis for equitable relief in that it alleges, with sufficient specificity, that his agreement to relinquish his one-half interest in the partnership assets was conditioned upon the performance, by defendant Stephens, of his agreement to retain possession of the partnership assets, continue the business, and to pay to plaintiff each week one-half of the net profits until such time as plaintiff’s one-half interest in the partnership assets was fully paid.
There is authority, not referred to in the majority opinion, that where there has been “a settlement and a balance struck between the parties,” a court of equity ordinarily will not disturb the private settlement. 8 *288 Fla.Jur.2d, “Business Relationships,” § 593. See also Durham v. Edwards, 50 Fla. 495, 38 So. 926 (1905). That a “complete private settlement” has been made may well be raised in defense here, and if proven, then of course plaintiff would have no option but to sue for the balance due him under the settlement agreement.[1] However, the plaintiff’s pleading does not, in my opinion, require or permit the inference that there has been a “complete settlement” — in the sense considered by these authorities — so as to operate as a defense to an equitable action by one partner against another. The complaint specifically alleges the conditional nature of plaintiff’s agreement to relinquish his partnership interest, and this circumstance, particularly in the light of other allegations of the complaint, would be sufficient to allow plaintiff to proceed for equitable relief.
I think it is clear that plaintiff is entitled to seek the intervention of a court of equity to relieve him from the strictures of the dissolution arrangement whereby he agreed to accept one-half of the net profits of the business weekly over a period of time, since it is clearly alleged in the complaint that the continuing partner has totally disregarded the agreement from its inception. By virtue of his agreement, the plaintiff relinquished extensive statutory rights to have the assets of the partnership mar-shalled and preserved, by court action, if necessary, for the winding up of the business of the partnership and distribution of remaining assets among the two partners, as their interests may appear. See Sections 620.74 and 620.77, Florida Statutes. The law is clear, under the Uniform Partnership Act, that upon dissolution the partnership is not terminated, but continues until the winding up of the partnership affairs is completed. Section 620.705, Florida Statutes. Although the rights and obligations of partners are modified after a dissolution, Sections 620.72-620.74, Florida Statutes, it is clear that a retiring partner may have continuing rights with respect to the disposition of partnership assets.
Unless otherwise agreed, a retiring partner “may have the partnership property applied to discharge its liabilities and the surplus applied to pay in cash the net amount owing to the respective partners.” Section 620.745, Florida Statutes. Unless otherwise agreed, where there has been no settlement of accounts between the partners, a retiring partner “may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest . . . . ” Section 620.765, in conjunction with Section 620.76(2), Florida Statutes.
In my view, since plaintiff has alleged that his agreement to relinquish his partnership interest was conditioned upon performance by the defendant, which never occurred, plaintiff cannot be held to have *289 “otherwise agreed” so as to waive, in perpetuity, his rights under the statute. Furthermore, this court has recognized the proposition that if a surviving or remaining partner continues the partnership business with the partnership assets, the remaining partner is required to account to the withdrawing partner. Hilgendorf v. Denson, 341 So.2d 549 (Fla. 1st DCA 1977); Biers v. Sammons, 242 So.2d 158 (Fla. 3rd DCA 1970). By continuing the business of the partnership, a partner acts as a trustee for the withdrawing or deceased partner. Biers v. Sammons, supra, 242 So.2d at 161.
Although the third amended complaint is not a model of pleading, it is apparent that in seeking a court order setting aside the “oral agreement for dissolution of partnership” plaintiff is asking to be restored to his rights as a retiring partner under the statutory and case law of this state. By seeking an order “dissolving” the partnership, plaintiff is obviously asserting his right to a court-ordered “winding up” as provided by statute. Sections 620.74, 620.77, Florida Statutes.
Although as a general rule, recission will not be granted for failure to perform a covenant or promise to do an act in the future, the rule is not applicable if the covenant or agreement breached is a dependent one. Steak House v. Barnett, 65 So.2d 736 (Fla.1953); Mease v. Warm Mineral Springs, Inc., 128 So.2d 174 (Fla. 2nd DCA 1961). Conditions or covenants in a contract are classed as dependent or independent from a consideration of the intention and understanding of the parties as shown by the whole contract. Steak House v. Barnett, supra, 65 So.2d at 737.
A covenant is dependent where it goes to the whole consideration of the contract; where it is such an essential part of the bargain that the failure of it must be considered as destroying the entire contract; or where it is such an indispensable part of what both parties intended that the contract would not have been made with the covenant omitted.
Steak House v. Barnett, supra, 65 So.2d at 738. A breach of such a covenant amounts to a breach of the entire contract, and it gives to the injured party the right to sue at law for damages, or, a court of equity may grant recission if the remedy at law will not be full and adequate. Id. 65 So.2d at 738.
The complaint should not be dismissed unless there is no theory upon which plaintiff would be entitled to relief. Under the above authorities, I believe plaintiff has alleged sufficient facts which would allow him to maintain that he would never have relinquished his rights to an accounting and a court winding up of partnership affairs absent defendant Stephens agreement to account for and promptly pay and distribute to him his interest in the assets out of profits of the business. This, according to the allegations of the complaint, Stephens has clearly failed to do. Not only has he failed to make the payments as agreed, but according to the allegations of the complaint he has misrepresented and concealed from the plaintiff the status of business profits derived from the use of partnership assets, and has misappropriated those assets and profits for the benefit of himself and the defendant corporation which, according to the complaint, now holds the assets of the partnership. The complaint contains allegations of over-reaching, misrepresentations, and resulting injury to the plaintiff in the settlement of partnership affairs, and accounting as to partnership affairs. It therefore states a cause of action for equitable relief. Rentz v. Granger & Lewis, 64 Fla. 445, 60 So. 221 (1912).
I think the majority has improperly applied the parties’ abortive, wholly executo-ry, incomplete dissolution agreement as a bar to plaintiff’s assertion of his statutory and equitable rights to a court-ordered accounting and winding up of the partnership affairs.
Aside from plaintiff’s entitlement to equitable relief, in my judgment the complaint is sufficient to allow plaintiff to pro *290 ceed as in an action at law for damages,[2] since he clearly alleges a debt due and owing to him, which has been unpaid, and his prayer for relief seeks a judgment ordering the defendants to pay the sums found due and owing to him, plus interest.
I would hold that it was error to dismiss the complaint for failure to state a cause of action.

. It is noted from the complaint that the assets were “estimated” to be valued “in excess of $300,000.00.” Whether the parties agreed that plaintiffs share amounted to $150,000.00 is not entirely clear from the pleading. Even assuming this agreement established or “settled” the amount plaintiff was entitled to receive, the very terms of the agreement itself, calling for weekly payments of one-half of the net profit, makes its enforcement by an ordinary action at law a rather unsatisfactory remedy. Enforcement of such a settlement agreement from its inception would of necessity have entailed a multiplicity of suits. It is not at all clear, from the allegation that performance was “expected” within a year, that any provision was made for plaintiff’s protection in the event the weekly profits proved non-existent or insufficient to complete the agreement.
There is no allegation that the oral agreement contained any provision restricting plaintiff to an action at law for a money judgment in event of non-payment or untimely payment by defendant Stephens, and I see no basis for finding one by implication, or as a matter of law. Furthermore, if the well-pleaded allegations of the complaint be accepted as true, there could be no defense of “complete private settlement,” since according to the complaint defendant Stephens has yet to take the first step in that direction, but in fact has repudiated any such agreement. Nonetheless, the existence and terms of any complete settlement agreement sufficient to bar plaintiffs equitable remedies is not disclosed, in my opinion, on the face of the complaint.

. I disagree, however, that the action for damages is an adequate remedy under the circumstances alleged.