PAUL REVERE LIFE INSURANCE COMPANY, Plaintiff/Counter–Defendant,

v.

Edward DIETZ, Jr., Defendant/Counter–Plaintiff.

No. 90–505–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Feb. 24, 1992.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the court on the following motion of

■ Plaintiff Paul Revere Life Insurance Company, ("Revere") for summary judgment filed September 16, 1991 and response thereto filed September 30, 1991; and,

■ Defendant Edward Dietz, Jr., ("Dietz") for counter-summary judgment filed September 18, 1991 and response thereto filed October 1, 1991.

### STANDARD OF REVIEW

Under Fed.R.Civ.P. 56(c) and (e), a district court may grant a motion for summary judgment, "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court held that a summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552. The Court also held that one of the principal purposes of Rule 56(c) is to isolate and dispose of factually unsupported claims. *Id.* at 323–324, 106 S.Ct. at 2552–2553.

### UNDISPUTED FACTS

On or about April 12, 1989 Defendant Dietz applied for, *inter alia*, disability coverage with Plaintiff Revere. During Dietz' meeting with Revere's agent, Dietz was advised that he would need to terminate his then-existing Equitable disability coverage.

In the Revere policy application Dietz indicated that the Equitable policies would be terminated. Additionally, Item # 2 in the application signature page, signed by

Timon V. Sullivan, Shackleford, Farrior, Stallings & Evans, P.A., Timon V. Sullivan, Gunn, Ogden & Sullivan, P.A., Tampa, Fla., for plaintiff/counter-defendant.

Robert G. Lyons, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Michael T. Haire, Law Office of Bernard F. Walsh, P.A., Sarasota, Fla., for defendant/counter-plaintiff.

Dietz, delineates that the Equitable policies would be discontinued. The Equitable policies subsequently lapsed for nonpayment of premium.

In late April 1989 Revere received Dietz' application for disability coverage and on June 6, 1989 Dietz was notified that the application had been approved. The effective date of the Revere policy was April 28, 1989.

On or about June 8, 1989 Dietz was involved in a motor vehicle accident. As a result, Dietz submitted to Revere a disability claim on or about August 15, 1989. In turn, Revere made an initial payment to Dietz for disability benefits.

Sometime in September 1989 Dietz was contacted by Equitable's agent. During this conversation, the possibility of Dietz's filing a claim with Equitable was discussed and the lapsed disability policy was subsequently reinstated. Dietz filed a claim with Equitable and Equitable paid disability benefits to Dietz. Dietz later entered into a settlement agreement with Equitable for a lump sum payment of $250,000 in lieu of future benefits under the policy.

Revere discontinued paying benefits to Dietz and filed suit to have the Revere disability policy rescinded for lack of consideration.

## LAW AND DISCUSSION

### I. RESCISSION

Relying primarily on *Mease v. Warm Mineral Springs, Inc.*, 128 So.2d 174 (Fla. 2nd DCA 1961), Revere asserts that Dietz' failure to ultimately terminate his then-existing Equitable disability policy constitutes a failure of consideration and allows for the rescission of the Revere disability policy. According to Revere, the application for Revere disability coverage was incorporated as part of the policy. As such, the policy amounted to a contract dependent upon Dietz' covenant to cancel, lapse, or otherwise terminate the Equitable policies. Revere argues the existence of a dependent covenant because Dietz's cancellation of the Equitable policies was such an important part of the policy that the agree-

ment would not have been entered into otherwise. *See Steak House, Inc. v. Barnett*, 65 So.2d 736 (Fla.1953). As such, argues Revere, the policy should be rescinded and the parties restored to their original condition.

In turn, Dietz maintains rescission is inappropriate, as there was no failure of consideration. According to Dietz, he was not instructed by Revere's agent to affirmatively cancel the Equitable policies, rather he was instructed to let them lapse and he did so. Hence, Dietz argues there was no breach because the obligations set forth in the policy have been satisfied. Dietz also contends that rescission is not permissible here because Dietz cannot be restored to his original condition. *See Ganaway v. Henderson*, 103 So.2d 693 (Fla. 1st DCA 1958); *see also, Yanks v. Truly Nolen, Inc.*, 341 So.2d 829 (Fla. 3rd DCA 1977). Specifically, if rescission is granted Dietz will be left without coverage.

■ Florida courts have long held that relief by way of rescission is available when failure of consideration consists in a breach of a dependent covenant of a contract. *See Mease v. Warm Mineral Springs, Inc.*, 128 So.2d 174, 180 (Fla. 2nd DCA 1961) (explaining that dependent covenants are those which go to the entire consideration of the contract.); *see also, Steak House v. Barnett*, 65 So.2d 736, 738 (1953) (stating that conditions are dependent if the plaintiff would not have entered into the contract with that provision omitted). However, rescission is generally not available where the parties' condition as it existed prior to the bargaining cannot be restored, *Id.* at 738.

■ The Revere policy application expressly states that it is incorporated as part of the policy agreement, (Plaintiff's Exhibit # 3). In the application for Revere disability coverage, Dietz listed his then-existing Equitable policies, (Policy Application p. 4, part 1(F)(a-c)). Within the same column, Dietz indicated those Equitable policies would be canceled, effective April 28, 1989. Additionally, on the signature page of the application Item # 2 states: " I will discontinue any policy(ies) shown to be discontin-

ued in answer to questions F–1 and I–1 of Part 1 on or before the dates indicated. The Company will rely on such answers in determining the amount, if any, of insurance it will issue." Dietz' signature is found below Item # 2. In addition to the application, the record indicates that Revere's agent advised Dietz that the Equitable coverage would need to be eliminated for the Revere policy to be issued, (Deposition of Edward Dietz, pp. 142–143).

It is clear from its "four corners" that Dietz' cancellation of the Equitable policies was an express condition of the Revere policy agreement. Both Dietz and Revere understood, via the policy application and their discussion, that the Equitable policies would need to be terminated. In addition, the record establishes, through the undisputed affidavit of Revere underwriter William I. Grant, that had Revere been aware the Equitable policies would continue, the Revere policy would not have been issued to Dietz, (Plaintiff's Exhibit # 5).

This being the case, the Court finds Dietz' cancellation, lapse, or otherwise termination of the then-existing Equitable policies was a dependent covenant of the Revere policy agreement, because Revere would not have entered into the policy agreement without Dietz' promise to do so.[1] *Mease*, 128 So.2d at 180; *Steak House*, 65 So.2d at 738.

■ The record indicates that Dietz' Equitable policies, in fact, lapsed for nonpayment of premium. However, in September 1989 Dietz took subsequent action to have the lapsed disability policy reinstated, (Deposition of Edward Dietz p. 172, lines 16–20). Consequently, Dietz filed a successful disability claim with Equitable, resulting from his June 1989 motor vehicle accident. While Dietz maintains the reinstatement of the Equitable policy was a "fortuitous event", Dietz' affirmative actions must be considered a breach of the specific dependent covenant to fully terminate the then-existing Equitable policies. The temporary lapse of the Equitable policies and the subsequent reinstatement does not constitute

the ultimate termination of the policies as required by the Revere policy agreement. As such, a breach has been demonstrated, because Dietz never satisfied the dependent covenant of the Revere policy agreement.

■ Additionally, the Court finds rescission in this instance is an available remedy, as the parties may be returned to their original condition. *Steak House*, 65 So.2d at 738. Prior to bargaining with Revere, Dietz had in effect Equitable disability coverage. Because of his subsequent reinstatement of the Equitable disability coverage, Dietz collected benefits including a $250,000 settlement for his June 1989 motor vehicle accident, (Plaintiff's Exhibit # 10). As part of the Equitable settlement, Dietz automatically relinquished future claims on that policy. Therefore, Dietz' voluntary surrender of the Equitable disability policy would not be the result of a Revere policy rescission, rather it was a condition of the Equitable settlement.

Thus, as no material issue of fact exists, the Court finds that rescission of the Revere policies is appropriate, as Dietz breached a dependent covenant by not terminating the then-existing Equitable policies. *Mease*, 128 So.2d at 180; *Steak House*, 65 So.2d at 738. Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment be and is hereby granted; Defendant's motion for counter-summary judgment be denied; and that Defendant return to Plaintiff all payments made to Defendant, less all sums paid by Defendant to Plaintiff.

DONE AND ORDERED.

---

1. Pursuant to their own coverage guidelines, Revere could not issue a disability policy to Dietz while he remained under the Equitable disability coverage.