BARFIELD, C. J.
Rafael Ortega and Ortega Travel Services, Inc. appeal a declaratory judgment finding that a partnership existed, and a summary judgment awarding damages for usurpation of partnership opportunity. We affirm the declaratory judgment, but reverse the summary judgment and remand for further proceedings.
*932 The record establishes that on February 27, 1992, Rafael Ortega, Willie A. Farrow, and Gary J. Pearson reached an agreement (and reduced it to writing in a “Memorandum of Understanding,” hereafter referred to as “the Memorandum”) for “joint participation in the preparation and executing of the management of the Eglin and Hurlburt Travel Office under the name of Ortega Travel Services and Associates.” The written agreement provided that “[t]he current shares distribution for the parties is thirty three and one third percent of total business volume (net profit before income tax) for this project only” and that “the parties plan to establish a working relationship in the activities related to the ownership and operation of Ortega Travel Services and Associates.” Paragraph one stated that each party would provide an equal share of the capital and receive equal shares, and that all authorized expenditures “will be reimbursed out of contract proceed [sic].” Paragraphs two and three stated that Farrow would provide, day-to-day management and conduct the relations with Eglin Air Force Base and Hurlburt Field, with the assistance of the other two parties. Subpara-graphs (a)-(c) of paragraph four stated that all records “will be disclosed upon demand by any party(s) as they pertain to this activity,” that all records and activities “will be subject to review and/or audit when approved by parties,” and that all parties would forward records within ten days of transactions; subparagraph (d) stated that Farrow would prepare a consolidated financial report “within 30 days of receipt for party approval”; subpara-graph (e) stated that “[a]ny party choosing to discontinue association with the group must offer shares to board member and allow 30 days prior to securing sell [sic] outside of this organization”; subpara-graph (f) stated that “Articles of Incorporation will supercede this memorandum of understanding.”
The activities of the parties leading up to this written agreement are not material to this decision, but what followed the execution of this agreement is material. Ortega Travel Services had procured contract # F08651-92-C-006 from the Department of the Air Force to provide travel services for Eglin Air Force Base and Hurlburt Field, but Ortega and Farrow became disenchanted with Pearson and decided to proceed without him. On July 2, 1992, Farrow sent Pearson a letter purporting to terminate Pearson’s participation in the venture and tendering return of Pearson’s $10,000 investment, which Pearson rejected. Ortega and Farrow thereafter continued to operate the travel services business and formed a corporation, Ortega Travel Services, Inc., which performed contract # F08651-92-C-006 and also apparently procured and performed nine other contracts.
In February 1993, Pearson filed a three-count complaint against Ortega, Farrow, and Ortega Travel Services, Inc., in which he sought a declaratory judgment that Ortega Travel Services is a general partnership consisting of equal partners Pearson, Ortega, and Farrow, and that Ortega Travel Services, Inc. “has no interest in Ortega Travel Services, the holder of Contract # F08651-92-C-006.” He also sought a formal accounting of partnership affairs and damages in the amount of the value of the services he had rendered to the partnership and his one-third share of the partnership. The defendants’ unsuccessful motion to dismiss asserted in part that the parties had formed a Florida corporation which superceded the Memorandum, and attached the certificate and articles of incorporation for Ortega Travel Services, Inc. Their answers denied that any partnership existed and asserted as affirmative defenses that no partnership had been formed because there was neither a meeting of the minds among the individuals nor consideration, that the Memorandum was an executory “agreement to agree” or preliminary negotiation, and that Pearson “does not have an interest in the superceding corporation.”
*933 After a hearing on the first count of the complaint, Judge Heflin entered a declaratory judgment on August 2, 1994, in which he found that “Ortega Travel Services is a Florida general partnership composed of equal one-third partners Rafael Ortega, Walter A. Farrow, and Gary J. Pearson” which is to be operated in compliance with the Memorandum, that the partnership “is the holder of the travel service contract identified as # F08651-92-C-006” providing travel services to Eglin Air Force Base and Hurlburt Field, and that “Ortega Travel Services, Inc., a Florida corporation, has no interest in Ortega Travel Services, a Florida general partnership.” A motion for clarification asserted that the Memorandum had provided for the formation of a corporation, that Ortega Travel Services, Inc., was formed pursuant to the Memorandum, and that the corporation had been operating the business for over two years. A motion for new trial asserted that the declaratory judgment was contrary to the greater weight of the evidence, which showed that Pearson did not furnish one-third of the start-up capital and failed to perform his responsibilities pursuant to the Memorandum, and that the judgment was also contrary to the law, because to form a partnership the parties “have to intend to be bound by the terms of the partnership agreement,” and for there to be a partnership agreement, “the parties must have intended to form a partnership.” In a November 1994 order denying the motions, Judge Heflin noted that Pearson had contributed $10,000 and guaranteed a note for the business, that he was listed as a co-owner on the business bank account, that the business activities were carried on in a manner consistent with the Memorandum, which provided for a one-third division of the profits, and that Farrow and Ortega “then appeared to operate outside the Memo terms to the exclusion of the Plaintiff’ and formed, without Pearson’s consent, a corporation which “will be required to account to the partnership for the proceeds” if it had been operating the business. No one has challenged the November 1994 order or the judge’s finding that the Memorandum created a partnership.
In October 1998, Pearson filed a motion for summary judgment on the two remaining counts of the complaint, seeking entry of judgment in his favor for $235,-558.66, one-third of the total profits of Ortega Travel Services, Inc., based upon corporate tax returns. He argued that by continuing to operate the business with partnership assets, Ortega and Farrow had acted as trustee for him, that the amount of the corporate profits was undisputed, and that “any defense attempting to allocate profits among different contracts must fail as a matter of law” because Ortega and Farrow could not “usurp the partnership opportunity for their own benefit” and “any profits earned by the corporation in competing contracts are considered profits of the partnership.” An affidavit in opposition to the motion verified the income and expenses related to contract # F08651-92-C-006, which showed a total loss from July 1, 1991, to June 30, 1996, of $446,836.15, and stated that the Eglin contract “was only one of ten contracts held by Ortega Travel Services, Inc.” which “was supported by the other nine contracts because no discount fees were paid or due on the other nine contracts.” On February 2, 1999, Judge Tolton entered final summary judgment in favor of Pearson for $235,558.66 plus interest, finding that “Florida has recognized through Court decisions the concept of usurpation of partnership opportunity pri- or to 1995,” citing Singletary v. Mann, 157 Fla. 37, 24 So.2d 718 (1946), and that “there is no discernable reason to differentiate between usurpation of corporate opportunity and usurpation of partnership opportunity, the former having been established in Florida for some time.” The judgment contained no factual findings or explanation as to how the information before the court constituted an accounting.
The appellants challenge both the August 4, 1994, declaratory judgment and the *934 February 2,1999, summary judgment, contending that the partnership terminated on July 6, 1992,[1] and that Pearson should have no interest or accounting beyond that date. Pearson argues that the partnership continues beyond the purported dissolution until there is an accounting and winding up of the partnership; he agreed at oral argument that the litigation sought, and that the 1999 judgment is to be considered, a court ordered accounting and winding up of the partnership affairs. We find that the letter of July 2, 1992, effected a dissolution of the partnership, but did not terminate the partnership.
Section 620.70, Florida Statutes (1991), defines “dissolution” of a partnership as “the change in the relation of the partners caused by a partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business.” Section 620.705 provides that on dissolution, the partnership is not terminated, but continues until the winding up of the partnership affairs is completed. Section 620.71 specifies the causes of dissolution, including subsection (2), which we find applicable in the instant case: “Dissolution is caused: ... (2) In contravention of the agreement between the partners when the circumstances do not permit a dissolution under any other provision of this section by the expressed decision of a partner at any time.” Although neither of the trial judges in this case expressly found that the partnership has been dissolved, we find that Farrow’s July 2, 1992, letter to Pearson stating that “we must sever the relationship you have with Ortega Travel Services” and that “I am returning to you the partial investment you made of $10,-000” constitutes a dissolution in contravention of the partnership agreement under section 620.71(2), but not a termination of the partnership, unless the trial court finds that “the winding up of partnership affairs” was thereby completed.
Section 620.715 provides for dissolution of a partnership by decree of the court on application by or for a partner when, inter alia, “[a] partner has been guilty of conduct that tends to effect prejudicially the carrying on of the business” or “[a] partner willfully or persistently commits a breach of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him.” Section 620.74 provides that unless otherwise agreed, the partners who have not wrongfully dissolved the partnership have the right to wind up the partnership affairs, but that any partner may obtain winding up by the court. Section 620.77 provides that “[t]he right to an account of his interest shall accrue to any partner or his legal representative as against the winding up partners ... or the person or partnership continuing the business at the date of dissolution in the absence of any agreement to the contrary.” The appropriate remedy for the appellants would have been a judicial dissolution of the partnership under section 620.715, an accounting to determine the value of Pearson’s interest in the partnership, payment of that amount to Pearson, and transfer of Ortega’s and Farrow’s interest in the partnership to the newly formed corporation, whereupon the partnership would have been terminated.
As interpreted by this court in Hilgendorf v. Denson, 341 So.2d 549 (Fla. 1st DCA 1977), section 620.765 applies when the business is continued after dissolution caused by the expressed decision of a partner. Under that statute, the , expelled partner is entitled to have the value of his interest at the date of dissolution ascertained, and to “receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership at the date of dissolution with interest” or, at *935 his option, “instead of interest, the profits attributable to the use of his right in the property of the dissolved partnership.” We find that under section 620.765 and Hilgendorf, Pearson was entitled to an amount equal to the value of his interest in the partnership as of the date of dissolution of the partnership, plus interest or (instead of interest) the profits attributable to the use of his right in the property of the dissolved partnership.
Pearson asserts here, and also asserted below, that he is satisfied to take one-third of the corporation’s total profits based upon its tax returns, and to forego any other claims. He contends that this is justified because the corporation’s ownership of other contracts demonstrates a usurpation of a partnership opportunity. The appellants contend this argument is irrelevant because no accounting has been undertaken and the scope of any such accounting should not extend beyond the date of the partnership dissolution, July 6, 1992. We have rejected the argument that the date of dissolution controls the date of accounting, but we agree that no accounting for the partnership assets has been shown to have occurred. We do not reject as irrelevant Pearson’s argument that the usurpation of the partnership opportunity was recognized in Florida at the time of these proceedings. However, the record before us is devoid of proof that such a usurpation of partnership opportunity occurred in this case, and the burden of proving that such a usurpation occurred is upon Pearson. See Mathis v. Meyeres, 574 P.2d 447 (Alaska 1978). We note that there is in the record before us no evidence that the parties intended to engage in any venture beyond the Eglin/Hurlburt contract, and the Memorandum appears to specifically limit itself to “this project only,” but the subject corporation, which was not a party to the partnership, appears to own nine other contracts in addition to the travel services contract at issue. We note also that the trial court has found that the corporation was not formed pursuant to the partnership agreement and that to the extent it operated the business of the partnership, it would have to account for the proceeds.
Because there exist clearly disputed issues of fact, we REVERSE the summary judgment and REMAND the case to the trial court for a determination of the assets of the partnership, a date for winding up the affairs of the partnership, and a proper accounting. We AFFIRM the declaratory judgment.
KAHN and DAVIS, JJ., CONCUR.

. This date is taken from Farrow’s trial testimony regarding termination of the partnership by means of the July 2, 1992 letter.