**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2511
_____

POINT BLANK PROTECTIVE APPAREL AND UNIFORMS LLC,
Appellant

v.

VERTICAL SOURCE INC; CHRISTOPHER R. NEARY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:22-cv-00567)
District Judge:  Honorable Edward S. Kiel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 1, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*.

(Opinion filed: June 23, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In this appeal, Point Blank Protective Apparel and Uniforms LLC ("Point Blank") seeks to escape its Settlement Agreement and Release (the "Settlement Agreement")[1] with Vertical Source, Inc. and Christopher Neary (collectively "Vertical Source"). The Settlement Agreement released numerous claims that Point Blank asserted in its pre-settlement litigation against Vertical Source after their business relationship soured. Point Blank argues that it may rescind the Settlement Agreement as a remedy for Vertical Source's breach of a material term of the Settlement Agreement, which resulted in Vertical Source providing no consideration for the promises exchanged in the Settlement Agreement.[2]

For the reasons explained below, we hold that Point Blank adequately pleaded a breach of contract claim relating to the Settlement Agreement, which *may* open the door to rescission of the Settlement Agreement as a remedy for the breach. If the Settlement Agreement is rescinded as a remedy for the breach, then the Settlement Agreement cannot bar Point Blank from pursuing Counts I, II, IV, V, and VI (the "Released Claims") because the release in the Settlement Agreement would no longer be operative. But the District Court correctly held that Point Blank cannot pursue its fraudulent inducement

---

[1] The Settlement Agreement contains mutual releases, which provide that "[i]n consideration of the covenants and agreements" the parties "fully and forever release[ ]" one another "from any and all claims . . . that relate to, arise out of, or pertain" to "allegations contained in the" original complaint. App. 9.

[2] Under Point Blank's theory of the case, once Vertical Source failed to provide any consideration for the Settlement Agreement, Point Blank had the right to either sue for breach of contract or treat the Settlement Agreement as rescinded and revert to the pre-settlement litigation.

claim in Count VII. Thus, we will affirm in part and vacate in part the District Court's order dismissing the complaint, and we will remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

In 2018, Point Blank entered into a joint venture agreement (the "JV Agreement") with Vertical Source, Inc. Over the next few years, Vertical Source repeatedly failed to fulfill its obligations.[3] So in 2022, Point Blank sued Vertical Source for various claims related to the JV Agreement. While the lawsuit was pending, the parties engaged in several months of negotiations and entered into the Settlement Agreement.

As part of the Settlement Agreement, the parties agreed to release all asserted claims against one another in exchange for a series of dependent obligations. Vertical Source's first obligation was to fund an escrow account, but it failed to disclose that its ability to fund depended on an outside event. When the outside event did not occur, Vertical Source did not fund the escrow account. So Point Blank filed its amended complaint, which asserted all claims from the initial complaint and added a claim for fraudulently inducing Point Blank to enter into the Settlement Agreement and an imbedded claim for breach of contract. Vertical Source then moved to dismiss the amended complaint, arguing that the Settlement Agreement barred the claims.[4] Point

---

[3] The facts are derived from Point Blank's Amended Complaint and taken as true. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

[4] Vertical Source did not move to dismiss Count III (declaratory judgment); and after the District Court's order, Count III remained. To expedite this appeal, Point Blank

3

Blank responded that the Settlement Agreement and any release therein was unenforceable because Vertical Source breached a material term by failing to provide any consideration, which allowed Point Blank to rescind the Settlement Agreement.[5] The District Court held that the Settlement Agreement was enforceable and barred all claims and granted the motion to dismiss. Point Blank timely appealed.[6]

## II. DISCUSSION

On appeal, we must determine whether Point Blank has sufficiently alleged a claim for breach of the Settlement Agreement. If it has, rescission *may* be an available remedy. And if the Settlement Agreement is rescinded, then it cannot bar the Released Claims—the basis for the dismissal. Thus, this opinion will determine whether Point Blank alleged a claim for breach of the Settlement Agreement, whether rescission is an available remedy for the breach claim, and whether the Released Claims are definitively

---

voluntarily dismissed Count III. Thus, the issues on appeal concern Counts I, II, IV, V, VI, and VII.

[5] Vertical Source argues on appeal that Point Blank forfeited its rescission argument by failing to raise it before the District Court. Although not fully fleshed out below, Point Blank argued that the Settlement Agreement was unenforceable because "Defendants never funded the escrow account." S. App. 47. An argument is forfeited when it is not raised in the District Court. *See Barna v. Bd. of Sch. Dir. Of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017). The point of forfeiture is to "protect litigants from unfair surprise." *Id.* at 146. Because Point Blank did alert Vertical Source that it deemed the releases unenforceable, and Vertical Source states that it "anticipated" these arguments, Point Blank did not forfeit the rescission argument. Resp. Br. 18.

[6] The District Court had jurisdiction over this case under 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review de novo a district court's decision to grant a motion to dismiss. *See Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. 2024) (citing *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)).

barred.  Finally, we will determine whether Point Blank may pursue its fraudulent

inducement claim in Count VII.

Under Florida law, to state a claim for breach of contract, a plaintiff must allege

that the parties entered a valid contract, that there was a material breach of the contract,

and that resulting damages occurred.  *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d

949, 953 (Fla. Dist. Ct. App. 2017).  All agree that the parties entered a valid contract—

the Settlement Agreement.[7]  And the complaint alleges that Vertical Source materially

breached the contract:

- Vertical Source was "required to execute a related escrow agreement and fund an escrow account . . . within five days of [Point Blank's] execution of the Settlement Agreement," App. 150 (¶ 54);

- Vertical Source "failed to fund the escrow account," *id.* ( ¶ 56);

- "in breach of their obligations under the Settlement Agreement[, Vertical Source] never funded the escrow account," *id.* (¶ 57); and

- Vertical Source's "ability to fund the escrow account by the agreed-to deadline was material," App. 151 (¶ 59).

Lastly, Point Blank alleges that it was damaged by the breach and seeks numerous forms

of relief, including "equitable and other relief as this Court deems just and appropriate,"

which includes rescission.  App. 161.  These allegations sufficiently pleaded a claim for

---

[7] Point Blank argues that there was no valid contract because there was a failure of consideration.  However, the Settlement Agreement provides that its terms shall be construed according to Florida law, and under Florida law, "failure of consideration is not alone sufficient to support a claim for rescission or cancellation of the contract."  *Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307, 309 (Fla. Dist. Ct. App. 2005).  Therefore, the Settlement Agreement is valid.

breach of the Settlement Agreement. While a more clearly crafted complaint would have included a separate count for breach of the Settlement Agreement, it would be disingenuous of us to ignore the breach of contract claim that is reflected in the allegations.[8]

But this conclusion naturally leads to another question. Why does the existence of a claim for breach of the Settlement Agreement preclude dismissal of the Released Claims? It is because under Florida law, when a party breaches a "dependent covenant" that "goes to the whole consideration of the contract"—i.e., "where it is such an essential part of the bargain that the failure of it must be considered as destroying the entire contract"—the "equitable remedy" of "[r]escission" is available. *Steak House, Inc. v. Barnett*, 65 So. 2d 736, 738 (Fla. 1953); *Billian v. Mobil Corp.*, 710 So. 2d 984, 990 (Fla. Dist. Ct. App. 1998). That is the essence of Point Blank's allegations.

---

[8] We acknowledge that Point Blank's amended complaint is not a model of clarity, as evidenced by its failure to demarcate the breach of the Settlement Agreement claim with a header. But, luckily for Point Blank, the Federal Rules of Civil Procedure do not require headers. *Cf. In re Lipitor Antitrust Litig.*, 855 F.3d 126, 144–45 (3d Cir. 2017) ("[R]egardless of how a complaint labels its claims or counts, courts are to look to the complaint and its allegations as a whole to identify the plaintiff's claims and any theories undergirding those claims."). Dismissing the breach of contract claim because it lacks a header would elevate form over substance, which is inappropriate. So we must look to the actual allegations to determine if Point Blank has provided a short and plain statement sufficient to put Vertical Source on notice of its claim for breach of the Settlement Agreement. And here, the complaint's substance reveals such a claim. We are by no means encouraging parties to format their complaints so that they fail to clearly identify their claims. But when a claim is apparent from the allegations, we cannot ignore it.

According to Point Blank, Vertical Source's failure to fund the escrow account breached a dependent covenant in the Settlement Agreement. The Settlement Agreement's consideration section lists a series of occurrences, and the completion of each must occur in sequential order. Vertical Source's first obligation was to pay funds into the escrow account, and the rest of the consideration was to follow; without the funds, there was virtually no consideration for the Settlement Agreement. Point Blank alleges that funding the escrow account was so essential to the Settlement Agreement that it would not have entered into the Settlement Agreement if Vertical Source could not fund the escrow account, and Vertical Source's failure to fund means there was no consideration for the Settlement Agreement. Stated differently, Vertical Source "destroy[ed] the entire contract" by "fail[ing] to fund the escrow account—the critical step on which all the subsequent terms of the settlement agreement were contingent." *Steak House*, 65 So. 2d at 738; Opening Br. 13. As a result, "none of the subsequent series of contingent steps contemplated by the [S]ettlement [A]greement were performed." Opening Br. 13. At the pleading stage, Point Blank has sufficiently established that funding the escrow account was so paramount that Vertical Source's failure to fund breached a dependent covenant of the Settlement Agreement.

Because Point Blank sufficiently alleged a claim for a breach of a dependent covenant in the Settlement Agreement, the dismissal of the Released Claims with prejudice was improper. While the Released Claims are not currently live claims, Point Blank might be able to revive them if its breach of the Settlement Agreement claim is successful and if the District Court awards equitable rescission of the Settlement

7

Agreement. The ability to pursue the Released Claims is, in essence, the relief sought for the successful litigation of the breach of the Settlement Agreement claim. And, because Rule 12(b)(6) only allows dismissal for the "failure to state a *claim* upon which relief can be granted," it was improper to dismiss the Released Claims, which function as the ultimate relief of the sufficiently pleaded breach of contract claim. Fed. R. Civ. P. 12(b)(6). Therefore, the District Court's dismissal of Counts I, II, IV, V, and VI was in error and is vacated.

We note that Point Blank also included a claim for fraudulent inducement to enter into the Settlement Agreement, which, unlike the Released Claims, was not included in the pre-settlement lawsuit and is not subject to the Settlement Agreement's release. It alleges that, absent a finding of breach of the Settlement Agreement, it was fraudulently induced to sign the Settlement Agreement. But the District Court properly dismissed this claim because three separate provisions unequivocally disclaimed fraud and barred the parties from bringing any fraud claims. Under Florida law, those claims were properly dismissed. *See Oceanic Villas, Inc. v. Godson*, 4. So. 2d 689, 690 (Fla. 1941). Therefore, we affirm the dismissal of Count VII.

III.    CONCLUSION

Accordingly, we will affirm in part and vacate in part the District Court's order dismissing with prejudice the Released Claims, and we will remand for further proceedings consistent with this opinion.

8